W. J. USERY, Jr., Secretary of Labor (Substituted as plaintiff for John T. Dunlop, Resigned), Plaintiff,

v.

FORT PAYNE MOTELS, INC., d/b/a Holiday Inn, and J. B. Williams, Individually and d/b/a Holiday Inn Restaurant, Defendants.

Civ. A. No. 75–M–1350.

United States District Court, N. D. Alabama, M. D.

Dec. 17, 1976.

---

**1080**

Beverley R. Worrell, Reg. Sol., U.S. Dept. of Labor, Atlanta, Norman G. Winston, Assoc. Reg. Sol., Leighton A. Beers, Jr., Trial Atty., Birmingham, Ala., for plaintiff.

Joseph C. Kellett, Kellett & Scruggs, Fort Payne, Ala., Charles A. Stewart, Jr., Huie, Fernambucq, Stewart & Smith, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

McFADDEN, Chief Judge.

This is an action by the Secretary of Labor under 29 U.S.C. § 217 seeking to enjoin defendants from violating §§ 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 et seq.), and to restrain defendants from withholding payment of minimum wages and overtime compensation alleged to be due defendants' employees under the Act. The Court has jurisdiction of the parties and of the subject matter of this cause of action. Venue is proper.

This cause was before the Court on the sole question of whether the defendants constitute an enterprise within the meaning of Section 3(r) of the Fair Labor Standards Act, as amended [29 U.S.C. § 203(r)], the remaining issues being held in abeyance. Plaintiff contends that Fort Payne Motels, Inc. (Fort Payne), doing business as Holiday Inn, near Fort Payne, Alabama, and J. B. Williams, doing business as Holiday Inn Restaurant in the said Holiday Inn Motel, constitute an "enterprise" within the meaning of 29 U.S.C. § 203(r). Plaintiff's contention is based on the premise that the defendants' operations are related activities performed through unified operation and common control. Defendants maintain that they are separate legal entities and as such each does not constitute an "enterprise" within the meaning of the Act, and therefore not subject to the provisions of the Act respecting "enterprise."

The parties stipulate that if the defendants are separate legal entities, neither is subject to the enterprise provisions of the Act since, considered separately, each had less than the requisite business volume during the period in question. The parties further stipulate that if defendants are considered a single enterprise they are subject to the enterprise provisions and plaintiff would be entitled to some of the relief requested.

Fort Payne has operated at all pertinent times under a License Agreement with Holiday Inns, Inc., in Memphis, Tennessee ("Inns"), which requires Fort Payne to operate a "standardized uniform inn service identified with the words 'Holiday Inn' and

with the other distinguishing features, trade marks, and service marks of the Holiday Inns System." It must assure the public of a "uniform, efficient, courteous, high quality service on a standardized international basis" which is more specifically defined in the "Rules of Operation of the System as set forth in the Operating Manual" furnished, from time to time, by Inns, and which must be observed strictly. Certain key employees must be trained in accordance with the methods of the System and the Holiday Inn must provide the public with food service. To assure that Fort Payne and other licensees comply with the Inns System, an inspector from Inns comes to the motel/restaurant operation around four times a year and grades almost every aspect of the motel operation. These standards are less stringent than those of the Alabama State Health Department and less than those imposed by Williams.

J. B. Williams has been associated with Fort Payne in the operation of the restaurant facilities at the motel since it was built; for the first few months under oral agreement and then under a written "Lease Agreement." Under the lease, Williams operates the "dining room, coffee shop, kitchen areas and meeting rooms," pays as rent 10% of gross receipts and pays for utilities; Fort Payne initially provided most of the restaurant equipment (including small appliances, silverware, and napkins) and furnishes Williams with laundry service at half the bid price of any commercial laundry. Williams must operate the premises only as a "restaurant in accordance with the minimum standards and operating procedures of the International Association of Holiday Inns and Holiday Inns, Inc." The minimum hours of operation of Williams are specified and he must and does give a discount to Fort Payne employees.

The original oral agreement was between Mr. Barron, principal stockholder of Fort Payne, and Mr. Williams during the construction of the motel. According to their testimony, Williams was to have complete control of the restaurant, dining room and conference rooms being constructed and his operation was to be entirely independent

and separate from the motel. They also testified that the later written lease, while containing certain standard provisions of "Holiday Inn" leases, was different from such standard leases in several major material respects: if Fort Payne's franchise with Inns was cancelled, Williams' lease would not thereby by terminated; Williams was to have complete control over the renting of the conference rooms, the making of reservations for all restaurant facilities, and exclusive control over banquet rooms; Williams had complete control in selecting, planning and publishing menus. "Owner's Reports" of inspection of the restaurant by Inns were left with Williams rather than the Innkeeper of the motel as is generally the case in other Holiday Inn operations. These reports showed Williams as Lessee. Williams and Fort Payne had separate tax numbers; separate telephone listings; separate bank accounts; separate addresses; and separate post office box numbers. The books and records of the motel and Williams were kept separate, by different accountants. There was no intermingling of funds. Williams and Fort Payne had separate city, State and county licenses. Williams and Fort Payne maintained separate fire and extended coverage insurance policies; separate workmen's compensation insurance and separate general liability insurance coverage. Williams testified that it would have been cheaper for both Fort Payne and Williams if one policy covering general liability could have been issued to both, but that the insurance underwriters had refused to issue one policy since they were separate entities. Williams is not an officer, employee, agent nor stockholder in Fort Payne. Williams' business is separated from Fort Payne operations by an iron gate which is kept locked when the restaurant is closed with the key under the exclusive control of Williams.

Williams and Fort Payne share the same roof and walls; the restaurant is called the motel's "dining room"; Williams provides substantial room service and/or meal service to guests of Fort Payne; the entrance to the restaurant is through the lobby and

down a common hall; public rest rooms are in the motel lobby and not the restaurant; the two operations use the same credit cards and all credit charges are handled by Fort Payne employees; the lights for the front sign of Fort Payne are controlled from the kitchen area; they share the same piped-in music system and intra-motel telephone system controlled by the front desk; they advertise on the same signs and together; and there is a room service menu in each room within the motel. Williams and some of his staff and Fort Payne staff handle the same dishes for room service customers; his parking facilities are in common with Fort Payne's parking facilities.

None of Williams' employees are under the control of the Innkeeper or other agents of Fort Payne, and none of Fort Payne's employees are under the jurisdiction or control of Williams.

Despite some common aspects of these operations, the Court is of the opinion that the defendants' activities are not due to be combined as a common "enterprise" under the Act. The Court is of the opinion that J. B. Williams' operation as Holiday Inn Restaurant was as an independent contractor and is therefore excluded under 29 U.S.C. § 203(r), which in pertinent part reads:

> (r) "Enterprise" means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor.

This statute requires three elements for the existence of an "enterprise":

1. related activities;
2. common control or a unified operation; and
3. a common business purpose.

The report of the Senate Committee on Labor and Public Welfare states:

> Within the meaning of this term, activities are "related" when they are the same or similar, such as those of the individual retail or service stores in a chain, or departments of an establishment operated through leasing arrangements. They are also "related" when they are auxiliary and service activities such as central office and warehousing activities and bookkeeping, auditing, purchasing, advertising, and other services. Likewise, activities are "related" when they are part of a vertical structure such as the manufacturing, warehousing, and retailing of a particular product or products under unified operation or common control for a common business purpose.

Senate Report No. 145, 87 Cong. 1st Sess. 31 (1961), *U.S.Code, Congressional and Administrative News*, 1961, pp. 1620, 1660.

In my view, Fort Payne and the restaurant are not the same or similar. While they are related in the sense that travelers need food and lodging, they are not the same. They are also not like each other; one can exist without the other and the services rendered are different. The Court is of the opinion therefore that Fort Payne and the restaurant business are not related activities within the meaning of the Act.

The Court is also of the opinion that the element of common control is absent. Williams runs the restaurant, and someone else Fort Payne. Obviously there is a common business purpose to the extent that both Williams and Fort Payne seek to make a profit and they both serve the traveling public, although presumably the restaurant serves local patrons also. The restaurant provides food service; Fort Payne, lodging. Each in all probability attracts business from customers of the other. This, in my opinion, is insufficient to establish a common business purpose.

The Court is of the opinion therefore that the necessary elements of an "enterprise" are not present and that defendants were not subject to the Act during the period in question. Accordingly, the complaint is due to be dismissed.